UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X

Shahidah Hagans

                Plaintiff

    -against-

Nassau County Police Department, Officer Michael Vergano, Officer Thomas Kananowicz, Officer Michael O'Brien, Sargeant Patrick Muchow, Nassau County District Attorney's Office, Jane and John Does 1 - 15 whose names are unknown (in their official and unofficial capacities)

                Defendants

------------------------------------------------------------ X

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ SEP 27 2018 ★

LONG ISLAND OFFICE

Case No.
Docket # 2:18-cv-01918-JS-GRB

**AMENDED COMPLAINT**

RECEIVED
SEP 27 2018
EDNY PRO SE OFFICE

Shahidah Hagans
P.O. Box 2520
North Babylon, NY 11703
(516) 376-9135

## Statement of Case

In July 2014 Nassau County Police Department, 3rd precinct began to harass me. They repeatedly sent police to my address to collude Nassau County CPS to harass solely based off of the fact that I exercised my right to decline to speak to CPS without an attorney present. On these occasions, tmee were no reports of imminent danger to the children that would warrant police intervention. This harassment went on for approximately 3 months and caused adversity between local officers and myself in future dealings with them. I did always question their their right to be on my property and called the precinct to report the actions to a supervising officer.

On October 6, 2014 I was a victim of a domestic violence complaint at my home located at 545 Queen Street in Westbury, New York, County of Nassau. But instead of serving to protect me as the victim I was instead treated as the criminal. On that Sunday morning, at approximately 8:15 am, I was preparing for church and was verbally reprimanding my children because they, as well as the houseguest, were responsible for broken things in the home and were disrespectful of my home and my rules. Manny McNeeley, who was my houseguest for the past two weeks, and had been invited by to stay temporarily at me home because he was homeless, interjected and began to be verbally assault me causing me to ask him to leave. Once he refused, I began placing his belongings in the garage which triggered his physical assault on me. At the onset of the assault I called 911 but in the process of doing so Manny threw my phone onto the concrete floor of the garage to prevent me from making the call and my phone cracked. I asked my children to pick the phone back up and put the battery back in to record what was happening. While they proceeded to pick the phone up Manny dialed 911 to protect himself from any consequences. After my phone was reassembled by my children as he continue to assault me I asked my children to record the incident up until the time the police responded.
Officer Michael Vergano, Officer Thomas Kananowicz, Officer Michael O'Brien were the first to report to the scene and immediately upon their arrival I calmly tried to explain to them how I had been assaulted and had it all on video. I was treated rudely by the all of the responding officers who were not attentive to my assertions as the victim. I also explained to them that I wanted Manny out of my house because he posed a danger to me and my children and that I could prove by FB messages that his stay had not exceeded 30 days so he was without tenant rights.

They acted negligently by refusing to investigate credible evidence available to prove or disprove the allegations that were being made, and verify the truthfulness and accuracy of the stories in question.

Despite many attempts by me to communicate what transpired on the date in question, and several attempts to show responding officers a video tape of the assault against me by the perpetrator and the proof he did not establish residency yet, all the officers in question refused to acknowledge or view the tape.

During the commission of my exchange with the officers, in which I was forced to reiterate my story multiple times due to the lack of concern shown by the officers. Without any incident occurring that would be cause to make an arrest they placed me in handcuffs, for purposes of detaining me to infringe on my right to speech as I expressed my dissatisfaction with their blatant disregard for my side of the story. This occurred within the first 15 minutes of their arrival. When it was inquired about the reasoning for me detainment the reply from officers were that I was "too excited and needed to calm down."

Once I confirmed with the officers that I was not being charged with any criminal act, I proceeded to inform them of the error in their conduct, which included the defamation of character by having me publicly detained in front of me home in cuffs, in addition to them lacking the jurisdictional authority to have done so solely based off me perceived "emotional state". I had displayed any conduct that was of a threatening or violent nature. The officers simply were seeking to oppress me expressing any feeling of reproach or criticism.

After approximately 10 minutes in handcuffs I was released which gave them the opportunity to handle the call in an unbiased and appropriate manner. At the conclusion of their investigation, about an hour after their arrival, the officers explained that they were not going to make Manny leave and that they would be leaving without addressing any of my concerns. I was still in fear for the safety of me and my children in my home with the presence of a hostile houseguest who I was just physically assaulted by and attacked by his pitbull. Because of my discontentment with the unresolved status of the call by the end of the call I still felt just as threatened as when the police first arrived and felt I needed a more objective officer on the scene. Due to the fact that threatening factors were still present at the time the officers announced they were done with the call I made a decision to take further action to ensure me and my children's' safety. I felt the diligence was not taken by the officers to diffuse the situation, such as even asking Manny to leave temporarily while things calmed down.

Although I was told by the officers that they were done with the call & did all that was in their power to do I did place a **2nd** call to 911 to request a Sargeant to the scene. (Evidence is in the 911 tape). I also

possesses actual video footage of a responding officer confirming that the call was over BEFORE the arrest of I was made, while I awaited a Sargeant to arrive.

Upon the arrival of Sergeant Patrick Muchow he began questioning me and I provided him with the same version of events I had given to the responding officers, which included me being assaulted by Manny McNeely as I was trying to put his things in my garage. I also showed him my phone that was shattered and informed him that as I tried to call 911 my phone was thrown by Manny McNeely to prevent me from calling (Evidence: Video/Audio of Manny Mcneely admitting he threw the phone to prevent me from calling) and as a result was broken; although my screen was shattered my children were able to thereafter still film the assault by Manny on me on that same phone which was also not looked at by the Sergeant although I made him aware that the footage was never viewed.

As I gave my version of events to Sergeant Patrick Muchow I was stopped short in the middle of my story and was told by the Sgt that he planned to take a statement from me stating what I just told him, because the act of preventing someone access to 911 was a crime, and that Manny McNeely would be arrested based upon that information. The Sergeant then told the me that he would return with one of his officers to take that statement from me.

He left me in my backyard as he went to the front yard to summons his officers. After a few minutes the Sergeant returned to the backyard wmee he and I originally spoke and told I that Manny asserted the same story against me, alleging I tried to prevent *him* from calling the police. At that time the Sergeant stated that we would both be arrested despite the fact that Manny's claims were never alleged for the first hour of the call and that my story had remained consistent since their arrival.I was forcefully arrested, dragged and assaulted while they effected an unlawful arrest, while me four children looked on in terror, traumatizing them emotionally. Manny McNeely, the alleged "complaining witness" was never arrested.

My four children were removed into CPS custody due my unauthorized and illegal arrest.
As a result of my wrongful arrest made by these four officers, as well as their abuse of authority in taking retaliatory action against me, I spent a total of 6 days in Nassau County Correctional center from October 6 - October 12, 2014 where I had to bail myself out on a $2,500 bail.
One of my children was hospitalized for psychiatric reasons during their removal due to the undue stress caused by members of the NCPD not acting in accordance with the laws that govern their authority.

Children as well as petitioner suffered immense emotional distress and suffering due to the negligence and misuse of authority of the officers.

The complaining witness was allowed to remain in my home by the officers and was still residing at my house against my consent as an unauthorized guest trespasser and, while I was incarcerated. Due to the fear the I had of him, I was forced out of me home to be homeless after me release and to sleep in my car. Because I was could not dwell in the same home I petitioned family court for an order of protection against Manny McNeely that was granted by Judge Edmund Dane on or around October 16 2015.

Upon serving Manuel McNeely the warrant to vacate the premises by the Nassau County Sheriff's Department they discovered that he had a criminal felony warrant originating from Nassau County from seven years back. This meant this warrant had been in effect for the last seven years and was in fact active when the officers responded to the domestic violence call on October 6, 2015 wmee I expressed he assaulted me with his pitbull. The existence of this warrant illustrates the negligence on the part of the officers and proves they did not exercise the due diligence required in responding to a domestic call.

Because of the officers recklessness and negligence I suffered significant pain and suffering as a result of them unlawfully arresting me. They acted negligently in that they failed to protect me and my four small children from a potentially dangerous situation and refusal to acknowledge the assertions of the actual victim of the crime. They acted recklessly in that they arrested I for reasons that were not defined by law to be a criminal violation, but rather based on personal motives of retaliation.

This occurrence in the unlawful arrest of I also left the family at the mercy of cps and ongoing family court proceedings that otherwise would not have been warranted. As a result, a temporary order of supervision was put in place for the family which resulted in further harassment of the family by cps although no guilt was established because the matter had not yet been adjudicated in front of a family court judge and eventually led to further removals of my children that were ultimately linked to the officer's misconduct under the color of the law.

On March 19, 2015 officers of Nassau County's once again violated my constitutional rights by acting under the directive of a newly employed CPS worker, Kelly Maher, who was disgruntled by the uncooperative nature she was experiencing with me, and forcibly breaking into my home and illegally

searching my home on the heresy of CPS worker Kelly Maher, alleging the my 5 year old son said he saw a gun in the house. In the event the 5 year old in fact told her this, there would still be an issue of credibility due to his age and his socio-developmental status. In addition, the CPS worker was well aware of the impediments that would discredit him as a sole source of information, he has been on Social Security for his behavioral concerns and was classified on his school IEP as having interpretive and expressive speech delays.

During an extensive illegal search of my home, while I was detained in handcuffs in a police car, there were no weapons or firearms found in the home. I was then told by a Detective on the scene that because they had not recovered any firearms as "suspected" during the search, that I would be released from the handcuffs. But despite that fact, the officers insisted on still arresting me for endangering the welfare of a child. When they informed me that the cps worker's supporting deposition was being used to support the criminal instrument against me I immediately told them that her statement was NOT direct knowledge, making it hearsay, making the instrument defective and insufficient upon it's face. They refused to acknowledge the illegality in their actions and proceeded to go through with the arrest. As a result of this arrest from March 2015, countless losses were suffered.

My children were removed from my care for 18 months. Three of the children were committed to psychiatric wards on several different occasions due to the trauma of their removal from their home. The children who were hospitalized were J.H. (12 y.o.) on April 2015, because of an attempt of suicide upon me arrival at me designated facility. Again on July       2015. In addition she suffered sexual trauma during her stay, and was exposed to drugs and alcohol that she had never experienced before her removal. Q.H. (8 y.o) was hospitalized on multiple occasions. J.J.H. (5 y.o.) was hospitalized for violent outburst at his foster home and school in which he was kicked out of.

Orders of protection were issued on all of my children because of the criminal allegations against me, that hindered my right to any due process afforded to me under NYS Family Court Law, including my 1028 hearing that would force CPS to prove their burden that warranted the children's removal.

In reference to the criminal charges from October 2014, I was a victim of malicious prosecution in that the prosecution refused to drop the charges of resisting arrest although the accompanying charge had been dropped, and proceeded to go to trial with the resisting arrest charge without any further contact with or cooperation from the "complaining witness". The prosecution was also given evidence in the form of

video and 911 tapes that proved the police acted without probable cause to make the arrest and still chose to maliciously prosecute me.

Although my appeal of these charges are still in litigating stages I must include them as they are closely related to the cause of action of my second arrest in March of 2015 and significantly contributory to the causes of actions by CPS and the Nassau Police Department in these claims.

During my trial many errors were made that would warrant my current appeal of my conviction of the resisting arrest charge. Crucial evidence that could have vindicated me was not allowed to be admitted into evidence at trial. These pieces of evidence include a 911 call and video footage presented to the officers at the scene of the crime. These pieces of evidence substantiated my claims that my arrest was unlawful which would have made any claims to resisting the arrest null and void (Plummer v. State, 136 Ind. 306, John Bad Elk v. US 177 US 529). Although officers can not be held liable for effecting arrests of defendants deemed to be innocent of the penal law violations they have been charged with in future court proceedings, the evidence in this case showed would have proved to negate any and all probable cause of my arrest because they were readily available to the officers before the arrest was even made. This not only shows officers were negligent in their duties, but indicative that they in fact acted off of vengeful motives, **acting under "color of law"** to willfully deprive or conspire to deprive me of my rights protected by the US Constitution.

In reference to the criminal charges from March 2015 In January 2016, I was also the victim of malicious prosecution in that the District Attorney refused to allow the presiding family court judge to have exclusive jurisdiction over the matters of order of protections against me on behalf of my four children. Even after a hearing in May of 2015 to possible drop the criminal order of protections or amend it to a refrain from order and leave the matters to be determined by the family court as the law allows for. The District Attorney still refused to consent even with the understanding that it was compromising my due process for a 1027/1028 hearing in family court. Furthermore, even after the endangering the welfare of a child charges were dropped in August of 2015, they refused to drop the accompanying charge of Obstruction of goverment administration while knowing that CPS nor the Nassau County Police department possessed any order granted by a judge to authorize the actions taken against me. They also refused to change their position on the order of protection denying me my fundamental right to my children despite that the charge that gave them any authority to act on behalf of the children were

dropped. These actions by the Nassau County District Attorney's office constitutes malicious prosecution in the aforementioned court matters.

**Cause of actions**

**42 USC § 1983**

Each and every officer who responded to, had any involvement, and/or was present at the location of the wrongful arrest, illegal search, and illegal seizure of my children described herein knew and was fully aware that the search was illegal as was the detainment of me and my four children. Any officer present had direct knowledge, or reason to have knowledge that I had not committed any crime or offense, and had an opportunity to intervene to prevent the harm from occurring. The conduct of the defendant officers, as described herein, amounted to false arrest, unlawful entry, excessive use of force, malicious abuse of power, failure to intervene, unreasonable detention, unreasonable search and seizure, abuse of authority, pattern of harassment, conspiracy, discrimination, selective enforcement, fabrication of evidence, denial of equal protection of the laws, denial of right to a fair trial, denial of due process, and malicious prosecution. As a direct and proximate result of the misconduct and abuse of authority, I sustained the damages that are hereinbefore stated.a

Failure to train/supervise/discipline and Municipal Policy
Defendant Nassau County Police Department/Commissioner had de facto policies, failed to properly train their officers, or supervise and discipline their officers to correct illegal practices in investigations, abuse of power, illegal search and seizure, obligation not to promote or condone perjury and/or assist prosecution of innocent persons, and effect arrests only when probable cause exists for such arrests. I have put in multiple complaints with Nassau County's Internal Affairs Bureau about the aforementioned matters and never received a response or notice that any action was taken. As a direct and proximate result of the misconduct and abuse of authority, I sustained the damages that are hereinbefore stated.

**42 USC § 1985**

The defendant officers and prosecuting attorneys did conspire among themselves and other individuals to deprive me of my Constitutional rights secured by 42 USC § 1983, and by the 4th , 5th, 14th Amendments to the U.S. Constitution. As a direct and proximate result of the misconduct and abuse of authority, I sustained the damages that are hereinbefore stated.

## NYS Constitution, Article I § 5,6,8,11, 12

By arresting and detaining me without probable cause or reasonable suspicion, the defendants deprived me of rights, remedies, privileges, and immunities guaranteed by Article I § 5 prohibiting cruel and unusual punishment, Article I § 6 providing for due process, Article § 8 guaranteeing freedom of speech, Article I § 11 prohibiting discrimination in civil rights and providing for equal protection of the laws, and Article I § 12 prohibiting unreasonable search and seizure. As a direct and proximate result of the misconduct and abuse of authority, I sustained the damages that are hereinbefore stated.

## NYS Torts

By the actions stated herein, within all respects, the defendants actions amounted to false arrest/imprisonment, trespass, assault and battery, unreasonable search and seizure, unreasonable detention, gross negligence, defamation, conspiracy, special injury, loss of consortium, tortious interference, abuse of power, fraud, hiring/retention of defendant officers, and negligent/intentional infliction of emotional distress. As a direct and proximate result of the misconduct and abuse of authority, I sustained the damages that are hereinbefore stated.

## Basis for Jurisdiction/Federal Question Jurisdiction

Under the U.S. Constitution, Article III, Section II it does state that the "judicial power shall extend to all cases, in law and equity, arising under this Constitution, the laws of the United States, and Treaties made, or which shall be made, under their Authority." The basis for federal jurisdiction and my right to petition for relief in a federal court is a matter of federal question jurisdiction as well as supplemental jurisdiction.

## Relief

My children and I suffered extensively at the hands of several members of Nassau Police Department, who through negligent and malicious actions, intended to cause harm to me by falsely accusing me of criminal actions and falsely arresting me. These actions of these officers, and their supervising agency, who was made aware of the officers' actions and took no action to correct their negligence, therefore caused psychological damage, emotional pain and suffering, mental anguish to all four of my children and myself. Collectively and individually, we have suffered damages such as loss of consortium, loss of reputation, impairment of mental capacity, lost opportunity, loss of enjoyment of life, defamation of character, loss of housing , and loss of property. Due to the fact that the proximate causes of these damages we've suffered were directly from the negligence of the defendants and I am asking the court for relief in the amount of $1,500,000 in actual damages.

The actions of the above captioned defendants, of which some are servants of the government, were oppressive, arbitrary and unconstitutional and most egregious because these defendants are servants of the government, who intentionally, and with malice, chose to act off personal convictions rather than the legal statute that governed them. Their actions warrant punitive damages (as set forth in Rookes v. Barnard) and I am requesting punitive damages in the amount of $750,000.

**Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

_S. Hagans_
Shahidah Hagans, Plaintiff

**PRESS FIRMLY TO SEAL**

**PRESS FIRMLY TO SEAL**

U.S. POSTAGE PAID
PME 2-Day
ORLANDO, FL
32819
SEP 25, 18
AMOUNT
**$24.70**
R2304H107727-12

1007  11722

EE 148721795 US

# PRIORITY
## ★ MAIL ★
## EXPRESS™

**USPS ORIGIN (POSTAL SERVICE USE ONLY)**

| 1-Day | ☑ 2-Day | ☐ Military | ☐ DPO |
|---|---|---|---|

| PO ZIP Code | Scheduled Delivery Date (MM/DD/YY) | Postage |
|---|---|---|
| 32819 | 09/27 | $ 4.46 |

| Date Accepted (MM/DD/YY) | Scheduled Delivery Time | Insurance Fee | COD Fee |
|---|---|---|---|
| 09/25/18 | ☐ 10:30 AM ☐ 12 NOON 3:00 PM | $ | $ |

| Time Accepted | 10:30 AM Delivery Fee | Return Receipt Fee | Live Animal Transportation Fee |
|---|---|---|---|
| 6:44 ☐AM ☑PM | $ | $ | $ |

| Special Handling/Fragile | Sunday/Holiday Premium Fee | Total Postage & Fees |
|---|---|---|
| $ | $ | 24.70 |

| Weight | Flat Rate | Acceptance Employee Initials |
|---|---|---|
| lbs.    ozs. | ☑ | |

**DELIVERY (POSTAL SERVICE USE ONLY)**

| Delivery Attempt (MM/DD/YY) | Time | ☐AM ☐PM | Employee Signature |
| Delivery Attempt (MM/DD/YY) | Time | ☐AM ☐PM | Employee Signature |

LABEL 11-B, OCTOBER 2016    PSN 7690-02-000-9996    1-ORIGIN POST OFFICE COPY

**UNITED STATES POSTAL SERVICE**

---

**CUSTOMER USE ONLY**

**FROM:** (PLEASE PRINT)  PHONE (516) 376-9135

Shahidah Haggins
2056 Rio Grande Canyon Loop
Poinciana, FL 34759

**PAYMENT BY ACCOUNT** (if applicable)
USPS Corporate Acct. No. / Federal Agency Acct. No. or Postal Service™ Acct. No.

**DELIVERY OPTIONS** (Customer Use Only)
☐ SIGNATURE REQUIRED Note: The mailer must check the "Signature Required" box if the mailer: 1) Requires the addressee's signature; OR 2) Purchases additional insurance; OR 3) Purchases COD service; OR 4) Purchases Return Receipt service. If the box is not checked, the Postal Service will leave the item in the addressee's mail receptacle or other secure location without attempting to obtain the addressee's signature on delivery.
☐ No Saturday Delivery (delivered next business day)
☐ Sunday/Holiday Delivery Required (additional fee, where available*)
☐ 10:30 AM Delivery Required (additional fee, where available*)
*Refer to USPS.com® or local Post Office™ for availability.

**TO:** (PLEASE PRINT)  PHONE ( )

Clerk of U.S. District Court, EDNY
100 Federal Plaza
Central Islip, NY 11722
Attn: Chambers of Judge Joanna Seybert

ZIP + 4® (U.S. ADDRESSES ONLY)
1 1 7 2 2

■ For pickup or USPS Tracking™, visit USPS.com or call 800-222-1811.
■ $100.00 insurance included.

**WHEN USED INTERNATIONALLY, A CUSTOMS DECLARATION LABEL MAY BE REQUIRED.**

EP13F July 2013   OD: 12.5 x 9.5
PS10001000006

**VISIT US AT USPS.COM®**

SEP 27 2018
U.S. DISTRICT COURT E.D.N.Y.
CLERK'S OFFICE
RECEIVED