UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
SHAHIDAH HAGANS,

                Plaintiff,

                                    <u>MEMORANDUM & ORDER</u>
     -against-                    18-CV-1918(JS)(AYS)

NASSAU COUNTY POLICE DEPARTMENT,
OFFICER MICHAEL VERGANO, OFFICER
THOMAS KANAOWICZ, OFFICER MICHAEL
O'BRIEN, SERGEANT PATRICK MUCHOW,
NASSAU COUNTY DISTRICT ATTORNEY'S
OFFICE, JANE and JOHN DOES 1-15
whose names are unknown (in their
official and unofficial capacities),

                Defendants.
------------------------------------X
APPEARANCES
For Plaintiff:       Shahidah Hagans, <u>pro se</u>
                     1 Griggs Drive
                     Greenlawn, New York 11740

For Defendants:      Jennean R. Rogers, Esq.
                     Nassau County Attorney's Office
                     One West Street
                     Mineola, New York 11501

SEYBERT, District Judge:

        <u>Pro se</u> plaintiff Shahidah Hagans ("Plaintiff") brings

this civil rights action alleging violations of 42 U.S.C. §§ 1983

("Section 1983"), 42 U.S.C. § 1985 ("Section 1985"), the New York

State Constitution and state law against the Nassau County Police

Department ("NCPD"), the Nassau County District Attorney's Office

("NCDAO"), Officer Michael Vergano ("Vergano"), Officer Thomas

Kananowicz ("Kananowicz"), Officer Michael O'Brien ("O'Brien"),

1

and Sergeant Patrick Muchow ("Muchow") (collectively, "Defendants"). Currently pending before the Court is Defendants' motion to dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Def. Mot., D.E. 24; Def. Br., D.E. 26; Pl. Opp., D.E. 31; Def. Reply, D.E. 32.) For the reasons that follow, Defendants' motion to dismiss is GRANTED.

BACKGROUND[1]

Plaintiff alleges that on or around July 2014, the NCPD, in collusion with non-party Nassau County Child Protective Services ("CPS"), began to harass Plaintiff "for months" because she declined to speak to CPS without an attorney. (Am. Compl., D.E. 12, at 2.) According to Plaintiff, the NCPD sent police officers to her home when there were no reports of "imminent danger" to her children. (Am. Compl. at 2.)

I. The October 6, 2014 Arrest

At some point prior to October 6, 2014, Plaintiff allowed non-party Manny McNeeley ("McNeeley") to temporarily stay at her home. (Am. Compl. at 2.) On October 6, 2014, Plaintiff reprimanded her children and McNeeley for being disrespectful and for breaking items in her home. (Am. Compl. at 2.) In response,

---

[1] The allegations in the Amended Complaint are assumed to be true for the purposes of this motion to dismiss. Dick v. Enhanced Recovery Co., LLC, No. 15-CV-2631, 2016 WL 5678556, at *2 (E.D.N.Y. Sept. 28, 2016) (citing Harris v. Mills, 572 F.3d 66, 71 (2d Cir. 2009)).

McNeeley verbally assaulted Plaintiff. (Am. Compl. at ECF p. 2.) Plaintiff then asked McNeeley to leave her home and placed his belongings in the garage. (Am. Compl. at ECF p. 2.) At that point, McNeeley physically assaulted Plaintiff. (Am. Compl. at 2.) Plaintiff attempted to call 911 but was unsuccessful because McNeeley threw her phone and it cracked. (Am. Compl. at 2.) After re-assembling the phone, Plaintiff's children recorded the alleged assault. (Am. Compl. at 2.)

McNeeley then called 911 and Defendants Vergano, Kananowicz, and O'Brien ("the Officers") responded to the call. (Am. Compl. at 2.) According to Plaintiff, the Officers refused to review footage of the assault and ignored Plaintiff's claims that McNeeley assaulted her and posed a danger to her family. (Am. Compl. at 2-3.) Within fifteen minutes after their arrival, the Officers placed Plaintiff in handcuffs for ten minutes because she was "too excited and needed to calm down." (Am. Compl. at 3.) Within an hour of their arrival, the Officers informed Plaintiff that they would not force McNeeley to leave. (Am. Compl. at 3.)

Plaintiff again called 911 and requested a sergeant to the scene. (Am. Compl. at 3.) Sergeant Muchow responded and questioned Plaintiff but did not review video footage of the assault. (Am. Compl. at 4.) According to Plaintiff, Muchow informed her that McNeeley would be arrested for preventing a 911

call. (Am. Compl. at 4.) McNeeley then alleged that Plaintiff prevented McNeeley from calling 911 and stated that both Plaintiff and McNeeley would be arrested. (Am. Compl. at 4.) Plaintiff was "forcefully arrested" for criminal mischief and resisting arrest (the "October 2014 Arrest"). (Am. Compl. at 4.) See People v. Hagans, 63 Misc. 3d 139(A), 114 N.Y.S.3d 800 (2d Dep't 2019). Plaintiff alleges that she was "dragged and assaulted" in front of her four children. (Am. Compl. at 4.) Plaintiff spent six days in the Nassau County Correctional Facility and was released on bail. (Am. Compl. at 4.)

McNeeley remained in Plaintiff's home and on or around October 16, 2015, Plaintiff obtained an order of protection against him. (Am. Compl. at 5.) When executing the order of protection, the Nassau County Sheriff's Department discovered a criminal felony warrant pending against McNeeley. (Am. Compl. at 5.) Therefore, according to Plaintiff, the NCPD was negligent when it did not remove McNeeley from her home while an arrest warrant was pending. (Am. Compl. at 5.)

On August 3, 2016, a jury convicted Plaintiff for resisting arrest (the "Resisting Arrest Conviction"). Hagans, 63 Misc. 3d 139(A), 114 N.Y.S.3d 800. Plaintiff appealed the

conviction[2] and argued that "the information charging her with resisting arrest is jurisdictionally defective because it contains no factual allegations that the arrest was authorized."[3]  Id.  On April 11, 2019, the Second Department reversed the Resisting Arrest Conviction and dismissed the accusatory instrument on the grounds that "the factual portion of an information charging resisting arrest" did not set forth sufficient allegations to establish, "if true, that the arrest was lawful in that it was 'premised on probable cause.'"  Id. (citations omitted).

Plaintiff alleges she was the victim of malicious prosecution because the prosecution (1) refused to drop the resisting arrest charges although the accompanying criminal mischief charge was dropped and (2) proceeded to trial on the resisting arrest charge without further contact with or cooperation from the "complaining witness."  (Am. Compl. at 6.)

---

[2] At the time she filed the Amended Complaint, Plaintiff's appeal was pending.  (Am. Compl. at 7.)  The Court is permitted to take judicial notice of facts contained in publicly available documents, including, in this case, the filings in the State court criminal proceedings. See Person v. White, No. 09-CV-3920, 2010 WL 2723210, at *3 (E.D.N.Y. July 2, 2010) (quoting Commer v. McEntee, No. 00-CV-7913, 2006 WL 3262494, at *23 (S.D.N.Y. Nov. 9, 2006)) ("[T]he Court may take judicial notice of . . . matters of general public record").

[3] On appeal, "the People concede[d] that the information is jurisdictionally defective and state that they did not file a supporting deposition in connection therewith."  Hagans, 63 Misc. 3d 139(A), 114 N.Y.S.3d 800.

According to Plaintiff, there was no probable cause for her arrest and the prosecution disregarded video and 911 audio evidence. (Am. Compl. at 6-7.)

## II.  The March 19, 2015 Arrest

At some point before March 19, 2015, a CPS worker alleged that Plaintiff's five-year-old son stated he saw a gun in Plaintiff's home. (Am. Compl. at 5-6.) According to Plaintiff, the CPS worker was "disgruntled" with Plaintiff's "uncooperative nature." (Am. Compl. at 5.) On March 19, 2015, unnamed NCPD officers "forcibly" broke into her home and conducted an "illegal" search. (Am. Compl. at 5-6.) Plaintiff alleges that the search was unconstitutional because it was based on hearsay and because statements made by her son are not credible "due to his age and his socio-developmental status." (Am. Compl. at 5-6.)

While the unnamed officers searched her home, Plaintiff was handcuffed in a police car. (Am. Compl. at 6.) The officers did not find any weapons or firearms during their search. (Am. Compl. at 6.) However, Plaintiff was arrested for endangering the welfare of a child (the "March 2015 Arrest"). (Am. Compl. at 6.) The arresting officers informed Plaintiff that the CPS worker submitted a deposition that served as the basis of the "criminal instrument" against her. (Am. Compl. at 6.) Plaintiff told the unnamed officers that the instrument was defective and

6

insufficient because it was "hearsay" and "NOT direct knowledge."
(Am. Compl. at 6 (emphasis in original).)

At some point, Plaintiff's children were removed from her care for eighteen months. (Am. Compl. at 6.) Three of her children were committed to psychiatric wards and they all suffered trauma as a result of her arrest. (Am. Compl. at 6.) Plaintiff alleges that orders of protection were issued against her and hindered her right to obtain a hearing regarding her children. (Am. Compl. at 6.)

Plaintiff was criminally charged and convicted for conduct arising out of the March 2015 Arrest. (Am. Compl. at 7.) Plaintiff alleges she was the victim of malicious prosecution because the "District Attorney refused to allow the presiding family court judge to have exclusive jurisdiction over the . . . orders of protection[ ] against [Plaintiff] on behalf of [her] four children." (Am. Compl. at 7.) Further, Plaintiff alleges that although the prosecution dropped the endangering the welfare of a child charge, the prosecution did not drop the accompanying obstruction of government administration charge "knowing that [neither] CPS nor the [NCPD] possessed any order granted by a judge to authorize actions taken against me." (Am. Compl. at 7.)

PROCEDURAL HISTORY

Plaintiff commenced this action on March 19, 2018. (Compl., D.E. 1.) Around September 27, 2018, Plaintiff filed an Amended Complaint (1) against "each and every officer who responded to, had any involvement, and/or was present at the location of the wrongful arrest, illegal search, and illegal seizure of" Plaintiff's children and the "illegal" detainment of Plaintiff and her children in violation of her civil rights under Section 1983; (2) against the NCPD for municipal liability for failure to train, supervise, and discipline employees under Section 1983; (3) against the individually-named Defendants and "prosecuting attorneys" for conspiracy to deprive Plaintiff of her constitutional rights pursuant to Section 1985 and the Fourth, Fifth, and Fourteenth Amendments; (4) against all Defendants for violations of the New York State Constitution, Article I, Sections 5, 6, 8, 11, and 12; and (5) against all Defendants for violations of various claims sounding in tort. (See Am. Compl. at 8-9.) As for the first cause of action, Plaintiff alleges Section 1983 claims for: "false arrest, unlawful entry, excessive use of force, malicious abuse of power, failure to intervene, unreasonable detention, unreasonable search and seizure, abuse of authority, pattern of harassment, conspiracy, discrimination, selective enforcement, fabrication of evidence, denial of equal protection

of the laws, denial of right to a fair trial, denial of due process, and malicious prosecution." (Am. Compl. at 8.) Plaintiff seeks $1.5 million in actual damages and $750,000 in punitive damages. (Am. Compl. at 9-10.)

DISCUSSION

I.  Legal Standard

To withstand a motion to dismiss, a complaint must contain factual allegations that "'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007)). This plausibility standard is not a "probability requirement" and requires "more than a sheer possibility that a defendant has acted unlawfully." Id. (internal quotation marks and citation omitted).

In deciding a motion to dismiss, the Court is confined to "the allegations contained within the four corners of [the] complaint," Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 71 (2d Cir. 1998), but this has been interpreted broadly to include any document attached to the complaint, any statements or documents incorporated in the complaint by reference, any document on which the complaint heavily relies, and anything of which judicial notice

may be taken.  See Chambers v. Time Warner, Inc., 282 F.3d 147, 152-52 (2d Cir. 2002).

A complaint filed by a pro se litigant is to be construed liberally and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007).  Nevertheless, a pro se complaint must state a plausible claim for relief and comply with the minimal pleading standards set forth in Federal Rule of Civil Procedure 8.  Hiller, 2015 WL 4619624, at *7.

## II.  Section 1983 Claims Arising out of the March 2015 Arrest

When a claim for damages under Section 1983 calls into question the validity of an underlying conviction, a district court must dismiss the claim, unless the conviction has been invalidated. Heck v. Humphrey, 512 U.S. 477, 487, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994).  In Heck, the Supreme Court enumerated four methods of demonstrating that a conviction has been invalidated: (1) the conviction was reversed on a direct appeal; (2) an executive order expunged the conviction; (3) a habeas corpus petition was issued by a federal court; or (4) an authorized state tribunal declared the conviction invalid.  Id. at 486-87.

Here, any claims concerning the legality of the March 2015 Arrest for which Plaintiff now stands convicted are

barred by Heck.  Plaintiff does not allege that the conviction arising out of her March 2015 Arrest has been invalidated.  Rather, Plaintiff states that she abandoned an appeal of that conviction. (Pl. Opp. at 8.)  Thus, Heck precludes the Court from adjudicating Plaintiff's Section 1983 claims challenging the conviction arising out of the March 2015 Arrest.

"A false arrest and imprisonment claim, however, does not inevitably undermine a conviction, and therefore is not always barred under Heck."  Brown v. Paterson, No. 10-CV-5833, 2012 WL 639151, at *7 (S.D.N.Y. Feb. 28, 2012) (citing Covington v. City of N.Y., 171 F.3d 117, 123 (2d Cir. 1999)).  Moreover, "'the existence of probable cause is an absolute defense to a false arrest claim.'"  Id. (quoting Jaegly v. Couch, 439 F.3d 149, 152 (2d Cir. 2006)).  Probable cause "'is presumed where an arrest is made pursuant to a valid arrest warrant.'"  Id. (quoting Barcomb v. Sabo, No. 07-CV-0877, 2011 WL 1770795, at *10 (N.D.N.Y. May 9, 2011)).  Accordingly, "'unless it can be shown that the warrant was obtained using fraud, perjury, or the misrepresentation or falsification of evidence, a claim for false arrest or wrongful imprisonment must fail.'"  Id. (quoting Barcomb, 2011 WL 1770795, at *10).

Plaintiff challenges the validity of the March 2015 search warrant and arrest instrument.  (Pl. Opp. at 7; Am. Compl.

at 7.)  However, Plaintiff's conclusory allegations that the search warrant and arrest instrument were defective is insufficient.  See Brown, 2012 WL 639151, at *7.   Indeed, taking Plaintiff's allegations as true, the Amended Complaint states that the search warrant and arrest warrant were based on an affidavit from a CPS worker who stated Plaintiff's son informed her that there was a gun in her home.   Therefore, Plaintiff has not plausibly alleged that the search warrant and arrest instrument were obtained by perjury, fraud, or the misrepresentation or falsification of evidence and false arrest and imprisonment claims arising out of the March 2015 Arrest fail.

III. Claims Arising out of the October 2014 Arrest

   A.   Statute of Limitations as to Plaintiff's Section 1983
        Claims for False Arrest, Unlawful Search and Seizure,
        Failure to Intervene, Excessive Force, Malicious Abuse
        of Process, and Conspiracy

   Defendants argue that the Section 1983 claims and respective state law claims arising out of the October 2014 Arrest are barred by the statute of limitations.   (Def. Br. at 6-8.) Plaintiff responds that the relevant statutes of limitations were tolled to April 11, 2019, the date that her Resisting Arrest Conviction was reversed.  (See Pl. Opp. at 3-4; Hagans, 63 Misc. 3d 139(A), 114 N.Y.S.3d 800).  Assuming, without deciding, that Heck does not apply, Plaintiff's Section 1983 claims for false arrest, unlawful search and seizure, failure to intervene,

excessive force, and malicious abuse of process are barred by the statute of limitations.

Section 1983 itself does not provide a statute of limitations, see Section 1983, but "courts apply the statute of limitations for personal injury actions under state law." Hogan v. Fisher, 738 F.3d 509, 517 (2d Cir. 2013) (citations omitted). In New York, the applicable statute of limitations is three years. N.Y. C.P.L.R. § 214. However, federal law determines when a Section 1983 claim accrues. Wallace v. Kato, 549 U.S. 384, 388, 127 S. Ct. 1091, 166 L. Ed. 2d 973 (2007). Under federal law, "it is the standard rule that [a claim accrues] when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief." Id. (alteration in original) (internal quotation marks and citations omitted).

For a claim of false arrest, the statute of limitations "begins to run at the time the claimant becomes detained pursuant to legal process." Wallace, 549 U.S. at 397, 127 S. Ct. at 1100. The same is true for claims of failure to intervene, unlawful search and seizure, and excessive force. See Mercano v. City of N.Y., No. 15-CV-3544, 2017 WL 1969676, at *3 (S.D.N.Y. May 12, 2017) (failure to intervene); Mallard v. Potenza, No. 94-CV-0223, 2007 WL 4198246, at *5 (E.D.N.Y. Nov. 21, 2007) (search and seizure); Mitchell v. Kugler, No. 07-CV-1801, 2009 WL 160798, at

*6 (E.D.N.Y. Jan. 23, 2009) ("A claim for excessive force accrues when the use of force occurred.").

The three-year statute of limitations also applies to a claim for malicious abuse of process.[4] Hadid v. City of N.Y., No. 15-CV-0019, 2015 WL 7734098, at *4–5 (E.D.N.Y. Nov. 30, 2015), aff'd, 730 F. App'x 68 (2d Cir. 2018) (Heck does not apply to abuse of process claims because they "could have been remedied without disputing the validity of [her] conviction."). This claim accrues "'at such time as the criminal process is set in motion--typically at arrest--against the plaintiff. However, accrual cannot be appropriate before such time as plaintiff is aware, or ought to be aware, of those facts providing a basis for his claim.'" Id., 2015 WL 7734098, at *5 (quoting Duamutef v. Morris, 956 F. Supp. 1112, 1118 (S.D.N.Y. 1997).

Plaintiff was arrested and arraigned on October 6, 2014. Hagans, 63 Misc. 3d 139(A), 114 N.Y.S.3d 800. Plaintiff alleges she spent six days in jail before she was released. (Am. Compl. at 4.) Therefore, at the latest, Plaintiff's claims for false arrest, unlawful search and seizure, failure to intervene, excessive force, and malicious abuse of process accrued on October 12, 2014-–the date she was released. Because Plaintiff

---

[4] The Court construes Plaintiff's Section 1983 claims for malicious abuse of power and abuse of authority as a claim for malicious abuse of process. (Am. Compl. at 8.)

14

filed the instant action on March 19, 2018, more than three years after her release, Plaintiff's false arrest, unlawful search and seizure, failure to intervene, excessive force, and malicious abuse of process claims are DISMISSED with prejudice.

The same three-year statute of limitations applies to Section 1983 and Section 1985 conspiracy claims rooted in false arrest, unlawful search and seizure, failure to intervene, excessive force, and malicious abuse of process. See Pearl v. City of Long Beach, 296 F.3d 76, 79 (2d Cir. 2002); King v. City of N.Y., No. 15-CV-3779, 2019 WL 5653675, at *2 (E.D.N.Y. Oct. 31, 2019) (three-year statute of limitations for Section 1985 conspiracy claims). The existence of a conspiracy "does not postpone the accrual of causes of action arising out of the conspirators' separate wrongs. It is the wrongful act, not the conspiracy, which is actionable, whether that act is labelled a tort or a violation of [Section] 1983." Singleton v. City of N.Y., 632 F.2d 185, 192 (2d Cir. 1980) (citation omitted); King, 2019 WL 5653675, at *2. Therefore, because Plaintiff's claims for false arrest, unlawful search and seizure, failure to intervene, excessive force, and malicious abuse of process arising out of the October 2014 Arrest are untimely, Plaintiff's Section 1983 and

1985 conspiracy claims based on those claims are also untimely and must be DISMISSED with prejudice.[5]

B.    Plaintiff's Claims for Malicious Prosecution and Fabrication of Evidence

Plaintiff asserts Section 1983 claims for malicious prosecution and fabrication of evidence. (Am. Compl. at 8.) To state a claim for malicious prosecution under Section 1983, a plaintiff must "show that the underlying criminal proceeding ended in a manner that affirmatively indicates his innocence." Lanning v. City of Glens Falls, 908 F.3d 19, 22 (2d Cir. 2018); Jones v. City of N.Y., No. 19-CV-9126, 2019 WL 6529303, at *3-4 (S.D.N.Y. Dec. 3, 2019) ("A malicious prosecution claim under § 1983 requires four elements: (1) the initiation or continuation of a criminal proceeding; (2) termination of the proceeding in the plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for the defendants' actions.") (citations omitted). Thus, "where a dismissal in the interest of justice leaves the question of guilt or innocence unanswered, . . . it cannot provide the favorable termination

---

[5] For the same reasons, any equal protection or due process claims arising out of these claims are also time barred. BaRoss on behalf of BaRoss v. Greenlawn Volunteer Fire Dep't, Inc., No. 16-CV-4805, 2017 WL 2124424, at *7 (E.D.N.Y. May 16, 2017) (applying three year statute of limitation to Section 1983 claims relating to the deprivation of equal rights and due process under the Fourteenth Amendment to the Constitution).

required as the basis for [that] claim." Thompson v. Clark, 364
F. Supp. 3d 178, 195 (E.D.N.Y. 2019) (quoting Lanning, 908 F.3d
28-29).

"The statute of limitations for a fabricated-evidence
claim [ ] does not begin to run until the criminal proceedings
against the defendant (i.e., the § 1983 plaintiff) have terminated
in his favor." McDonough v. Smith, 139 S. Ct. 2149, 2154-55, 204
L. Ed. 2d 506 (2019) (stating that for a fabricating of evidence
claim, "malicious prosecution is the most analogous common-law
tort" for accrual purposes); Rodriguez v. Derienzo, No. 20-CV-
0087, 2020 WL 615052, at *3 (S.D.N.Y. Feb. 7, 2020) (to state a
claim for the denial of a fair trial based on the fabrication of
evidence, a plaintiff must allege that "'an (1) investigating
official (2) fabricates information (3) that is likely to
influence a jury's verdict, (4) forwards that information to
prosecutors, and (5) the plaintiff suffers a deprivation of life,
liberty, or property as a result.'" (quoting Garnett v. Undercover
Officer C0039, 838 F.3d 265, 279 (2d Cir. 2016))).

The Second Department's decision reversing the Resisting
Arrest Conviction is not a termination in Plaintiff's favor and
her claims for malicious prosecution and fabrication of evidence
must be dismissed.  In Lanning, "the Second Circuit reaffirmed the
longtime requirement that favorable termination under federal law

requires that 'the prosecution terminated in some manner indicating that the person was not guilty of the offense charged,' based on the 'merits' rather than 'on any number of procedural or jurisdictional grounds.'" Rosario v. City of N.Y., No. 18-CV-4023, 2019 WL 4450685, at *4 (S.D.N.Y. Sept. 16, 2019) (citing Lanning, 908 F.3d at 28). "No single type of disposition is necessary or sufficient, but the termination must be 'measured in objective terms by examining the totality of the circumstances.'" Id. (quoting Lanning, 908 F.3d at 28). Under this standard, the Lanning plaintiff's "'vague allegations' of favorable termination were insufficient, because the . . . plaintiff agreed the dismissals were based at least in part on lack of jurisdiction; and a state court had explicitly stated that there was no 'determination of the merits' upon dismissal." Id. (quoting Lanning, 908 F.3d at 28).

Here, Plaintiff's Resisting Arrest Conviction was reversed and the accusatory instrument was dismissed as a result of a jurisdictional defect. See Hagans, 63 Misc. 3d 139(A), 114 N.Y.S.3d 800. The Second Department did not pass on the merits of the resisting arrest charge. Id. Moreover, Plaintiff does not argue, nor does she allege, that "the termination of the prosecutions against [her] affirmatively indicated [her] innocence," as compared to a "dismissal on any number of procedural

18

or jurisdictional grounds, all of which fail to affirmatively indicate innocence." Lanning, 908 F.3d at 28. Therefore, Plaintiff's Section 1983 and state law claims for malicious prosecution and fabrication of evidence must be DISMISSED. See Mhina v. Colavita, No. 15-CV-0327, 2020 WL 224743, at *4 (N.D.N.Y. Jan. 15, 2020) (collecting cases); see also Hagans, 63 Misc. 3d 139(A), 114 N.Y.S.3d 800 (noting that the Plaintiff argued "that the information charging her with resisting arrest is jurisdictionally defective because it contains no factual allegations that the arrest was authorized.") (emphasis added).

Even if the conviction terminated in Plaintiff's favor, Plaintiff does not allege facts sufficient to state a claim for malicious prosecution and fabrication of evidence. For a malicious prosecution claim, "to satisfy the initiation requirement, a plaintiff must allege facts suggesting that the defendant 'played an active role in the prosecution, such as giving advice and encouragement or importuning the authorities to act.'" McLean v. Clark, No. 19-CV-10967, 2020 WL 508902, at *3 (S.D.N.Y. Jan. 31, 2020) (quoting Rohman v. N.Y.C. Transit Auth., 215 F.3d 208, 214 (2d Cir. 2000)). To state a claim for fabrication of evidence, a plaintiff must allege that an "investigating official" fabricated information. Rodriguez, 2020 WL 615052, at *3.

Here, Plaintiff named the Nassau County District Attorney's Office, which is immune from suit under Section 1983, as discussed _infra_. Moreover, Plaintiff does not make any allegations regarding the persons responsible for initiating the charges against her or that anyone fabricated information. To that extent, Plaintiff does not allege information was fabricated, if any. Accordingly, Plaintiff fails to state a claim of malicious prosecution and fabrication of evidence arising out of the October 2014 Arrest and Resisting Arrest Conviction and those claims are DISMISSED.[6]

IV.  Section 1983 Municipal Liability Claim Against the NCPD, NCDAO, and Nassau County

Plaintiff argues that the NCPD and Nassau County are liable "for failure to train its employees as to display a deliberate indifference to the constitutional rights of those within its jurisdiction." (Pl. Opp. at 4.) As a preliminary

---

[6] For the same reasons, Plaintiff's claims for the denial of a fair trial are dismissed. Bailey v. City of N.Y., 79 F. Supp. 3d 424, 445 (E.D.N.Y. 2015) ("A section 1983 claim for the denial of a fair trial is, in essence, a claim for damages attributable to an unconstitutional conviction."). Because Plaintiff makes no allegations regarding an investigating official who fabricated evidence, or that any evidence was fabricated, her claim necessarily fails. Id. at 446 ("A denial of the right to a fair trial claim requires a plaintiff to prove that: an (1) investigating official (2) fabricates evidence (3) that is likely to influence a jury's decision, (4) forwards that information to prosecutors, and (5) the plaintiff suffers a deprivation of liberty as a result." (internal quotation marks and citation omitted)).

matter, Plaintiff's request for relief against the NCPD and NCDAO is dismissed with prejudice because they are administrative arms of Nassau County and lack the capacity to be sued as separate entities.[7]  See, e.g., Ravenell v. Cty. of Nassau, No. 18-CV-6010, 2019 WL 5423435, at *8 (E.D.N.Y. Oct. 21, 2019); Clements v. Nassau Cty. Corr. Ctr., No. 10-CV-0422, 2010 WL 1779985, *3 (E.D.N.Y. Apr. 30, 2010); Davis v. Lynbrook Police Dep't, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002); Adames v. Cty. of Suffolk, No. 18-CV-4069, 2019 WL 2107261, at *2 (E.D.N.Y. May 14, 2019).

Plaintiff has not named Nassau County as a defendant but argues Nassau County is liable for "failure to train its employees as to display a deliberate indifference" to constitutional rights. (Pl. Opp. at 4.)  Given Plaintiff's pro se status and affording the Amended Complaint a liberal construction, the Court considers whether Plaintiff has alleged a plausible Section 1983 claim against Nassau County and finds that she has not.  Here, there are no factual allegations from which the Court could reasonably construe a plausible Section 1983 claim against Nassau County.

It is well-established that a municipality such as

---

[7] Further, claims against the NCDAO cannot proceed.  "As agencies of the State of New York, [the NCDAO is] entitled to immunity under the Eleventh Amendment."  Carthen v. Gonzalez, No. 19-CV-6392, 2020 WL 376569, at *2 (E.D.N.Y. Jan. 23, 2020) (citing Ying Jing Gan v. City of N.Y., 996 F.2d 522, 535 (2d Cir. 1993) (District Attorney's Office is protected by the Eleventh Amendment)).

Nassau County cannot be held liable under § 1983 on a respondeat superior theory.  See Monell v. Dep't of Soc. Servs. of N.Y. City, 436 U.S. 658, 691, 98 S. Ct. 2018, 2036, 56 L. Ed. 2d 611 (1978); Roe v. City of Waterbury, 542 F.3d 31, 36 (2d Cir. 2008).  To prevail on a Section 1983 claim against a municipality, a plaintiff must show "that 'action pursuant to official municipal policy' caused the alleged constitutional injury."  Cash v. Cty. of Erie, 654 F.3d 324, 333 (2d Cir. 2011) (quoting Connick v. Thompson, 563 U.S. 51, 60, 131 S. Ct. 1350, 1359, 179 L. Ed. 2d 417 (2011)); see also Monell, 436 U.S. at 690-91.

Here, there are no factual allegations from which the Court could reasonably construe a plausible Section 1983 claim against Nassau County.  Beyond the facts alleged in this particular case, the October 2014 Arrest, Plaintiff has not articulated facts regarding the existence of a custom or policy in Nassau County. "It is well-established that 'a single incident in a complaint, especially if it involved only actors below the policy-making level, does not suffice to show a municipal policy.'"  Raphael v. Cty. of Nassau, 387 F. Supp. 2d 127, 131 (E.D.N.Y. 2005) (quoting Ricciuti v. N.Y. City Transit Auth., 941 F.2d 119, 123 (2d Cir. 1991)).  Plaintiff has not alleged, nor has she argued, the existence of similar incidents and her "reliance on the facts alleged in this single incident fail to rise to the level of custom

or policy required for municipal liability." Id.

Plaintiff further argues that (1) the NCPD internal affairs bureau has a "customary practice" of neglecting formal complaints (Pl. Opp. at 4) and (2) it is "common knowledge" that NCPD officers fail to follow a "policy" requiring probable cause for an arrest (Pl. Opp. at 5). However, as stated, claims against the NCPD are "implausible." Ravenell, 2019 WL 5423435, at *8.

Finally, Plaintiff appears to argue that the Court should permit the parties to exchange discovery regarding a custom, policy, or lack of training. (Pl. Opp. at 4.) However, Plaintiff "must first state plausible facts giving rise to a reasonable inference of an unlawful municipal policy, as required by Iqbal, before [she] may proceed to discovery on [her] Monell claim." In re Dayton, 786 F. Supp. 2d 809, 823 (S.D.N.Y. 2011). Therefore, to the extent alleged, Plaintiff's Section 1983 claim against Nassau County is DISMISSED.

V.  Plaintiff's Claims Against the Nassau County District Attorney and Nassau County Assistant District Attorneys

To the extent that Plaintiff seeks to impose liability against the Nassau County District Attorney, who is not named as a defendant, it appears that Plaintiff's claim is based solely on the supervisory position she holds. Wholly absent, however, are any allegations sufficient to establish the District Attorney's personal involvement in the complained of conduct. A supervisor

23

cannot be liable solely by virtue of being a supervisor because there is no _respondeat_ _superior_ liability under Section 1983. _Richardson v. Goord_, 347 F.3d 431, 435 (2d Cir. 2003). Accordingly, in the absence of any factual allegations of conduct or inaction, Plaintiff's claims against the Nassau County District Attorney are DISMISSED.

Plaintiff argues that "the attorneys assigned to prosecute the cases against [ ] plaintiff, did act with knowledge of information and evidence that would otherwise disprove my guilt, and still proceeded to maliciously prosecute me in the matters." (Pl. Opp. at 6; _see_ _also_ Am. Compl. at 8-9.) As a preliminary matter, the "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983" and Plaintiff has failed to name the prosecutors involved in the Resisting Arrest Conviction. _Farrell v. Burke_, 449 F.3d 470, 484 (2d Cir. 2006); _Shah v. Helen Hayes Hosp._, 252 F. App'x 364, 366 (2d Cir. 2007) ("A party may not use his or her opposition to a dispositive motion as a means to amend the complaint").

Plaintiff's claims fail even construing the Amended Complaint to include claims against the Assistant District Attorneys involved in the Resisting Arrest Conviction. Prosecutors are entitled to "absolute immunity with respect to

24

their 'prosecutorial functions,' which include their actions 'as advocates and when their conduct involves the exercise of discretion.'" Bouchard v. Olmsted, 775 F. App'x 701, 703 (2d Cir. 2019) (quoting Flagler v. Trainor, 663 F.3d 543, 547 (2d Cir. 2011)). Immunity does not extend to "'conduct unrelated to advocacy, such as giving legal advice, holding a press conference, or acting as a complaining witness.'" Id. (quoting Flagler, 663 F.3d at 547).

Plaintiff accuses the Assistant District Attorneys who prosecuted her Resisting Arrest Conviction of misconduct for (1) refusing to drop the resisting arrest charges and (2) continuing the prosecution with knowledge that the arresting officers acted without probable cause. (Am. Compl. at 6-7.) Assuming these allegations to be true, the prosecutors are still entitled to absolute immunity even if they "conspir[ed] to present false evidence at a criminal trial". Dory v. Ryan, 25 F.3d 81, 83 (2d Cir. 1994); Bernard v. Cty. of Suffolk, 356 F.3d 495 (2d Cir. 2004) (absolute immunity shields prosecutors from suit pursuant to section 1983 for alleged malicious or selective prosecution and for misconduct in the presentation of evidence to the grand jury). Therefore, to the extent alleged, claims against the Assistant District Attorneys are DISMISSED.

VI.  Plaintiff's Remaining State Law Claims

Having dismissed all of Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over her remaining state law claims.  See Delaney v. Bank of Am. Corp., 766 F.3d 163, 170 (2d Cir. 2014) ("In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well." (internal quotation marks and citation omitted)).

VII. Leave to Amend

Plaintiff argues that she intends "to file an Amended Complaint including the County of Nassau, in the case that they are deemed a more appropriate defendant." (Pl. Opp. at 5.)  The "court should freely give leave [to amend] when justice so requires."  FED. R. CIV. P. 15(a)(2).  "[I]t is within the sound discretion of the district court to grant or deny leave to amend," and a "district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party."  McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007) (citations omitted).  However, "a futile request to replead should be denied."  Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted).  "An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)."  Lucente v. Int'l Bus. Machines Corp., 310 F.3d 243, 258 (2d Cir. 2002)

(citation omitted). Moreover, while amendments to _pro_ _se_ complaints should be granted "fairly freely," even _pro_ _se_ litigants are not entitled to unlimited opportunities to amend their pleadings. _Holmes v. Goldin_, 615 F.2d 83, 85 (2d Cir. 1980) (citation omitted); _Best v. City of N.Y._, No. 12-CV-7874, 2014 WL 163899, at *3 (S.D.N.Y. Jan. 15, 2014).

Given the Second Circuit's guidance that a _pro_ _se_ complaint should not be dismissed without leave to amend unless amendment would be futile, the Court has carefully considered whether leave to amend is warranted here. Because the defects in the Amended Complaint are substantive and would not be cured if afforded an opportunity to amend, leave to amend the Complaint is DENIED.


[BOTTOM OF PAGE INTENTIONALLY LEFT BLANK]

<u>CONCLUSION</u>

For the reasons stated, Defendants' motion to dismiss (D.E. 24) is GRANTED in its entirety and Plaintiff's Amended Complaint is DISMISSED.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore <u>in forma pauperis</u> status is denied for purpose of an appeal. <u>Coppedge v. United States</u>, 269 U.S. 438, 444-45 (1962).

The Clerk of the Court is directed to mail a copy of this Order to the <u>pro se</u> Plaintiff and to mark this case CLOSED.


SO ORDERED.


/s/ JOANNA SEYBERT
JOANNA SEYBERT, U.S.D.J.

Dated:    March __18__, 2020
          Central Islip, New York